# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | | |
|---|---|---|
| DENNIS L. HIXSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | Case No.: 22-cv-06001 |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Lowe's Home Centers, LLC  ("Lowe's" or "Defendant"), by and through undersigned counsel, and hereby removes the above-styled case from the Circuit Court of Buchanan County, State of Missouri, Case No. 21BU-CC01471, to the United States District Court for the Western District of Missouri, St. Joseph Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446.  This case is being removed to this Court because, based on the allegations Plaintiff Dennis L. Hixson, Jr. ("Plaintiff") asserts in this action, there is complete diversity between the parties and more than $75,000 is in controversy.  As grounds for removal, Lowe's respectfully states as follows:

## INTRODUCTION

1. On November 16, 2021, Plaintiff, a former Lowe's employee, filed a two-count lawsuit, alleging violations of the Missouri Human Rights Act ("MHRA") against Lowe's.  The lawsuit is currently pending in the Circuit Court of Buchanan County, Missouri, as Case No. 21BU-CC01471.

2. On November 23, 2021, the State Circuit Court issued the Summons for Lowe's and assigned Judge Daniel F. Kellogg.

3. On December 6, 2021, Plaintiff served Lowe's with the Summons and a copy of his Petition for Damages (the "Petition").

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete State Court file is attached hereto as Exhibit 1.

5. As set forth more fully below, this action is one that Lowe's may remove to this Court under 28 U.S.C. § 1441 because Lowe's has satisfied the procedural requirements and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity between the parties and more than $75,000 in controversy.

**TIMELINESS OF REMOVAL**

6. This Notice of Removal is timely filed within thirty (30) days after Defendant was served with a copy of the Petition. Defendant has not filed any responsive pleadings in the Circuit Court of Buchanan County, Missouri prior to filing this Notice of Removal.

7. Thus, this action is timely removed pursuant to 28 U.S.C. § 1446.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

8. Removal of this action is proper under 28 U.S.C. §§ 1441(b) and 1332(a) because, upon information and belief, a complete diversity of citizenship exists between Plaintiff and Lowe's, and the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship is Satisfied.**

9. As pleaded in the Petition, Plaintiff is a citizen and resident of the State of Missouri. (Petition, attached hereto as Exhibit 1, ¶ 1.)

2

10. A limited liability company (LLC) is treated as a partnership for purposes of diversity jurisdiction, and citizenship depends on the citizenship of the LLC's members. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197 (1990)).

11. Lowe's Home Centers, LLC is a limited liability company, and its sole member is Lowe's Companies, Inc. (Declaration of Grace Ridley ("Ridley Decl."), attached hereto as Exhibit 2, ¶¶ 3-4.)

12. For purposes of removal, a corporation is a citizen of any State in which it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010) (quoting 28 U.S.C. § 1332(c)(1)). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which typically will be found at its corporate headquarters. *Id*. at 92-93.

13. Lowe's Companies, Inc. is a North Carolina corporation, and its headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in North Carolina. (Ridley Decl., Ex. 2, ¶¶ 3-4.) Lowe's Companies, Inc. is a citizen of North Carolina.

14. Thus, for removal purposes, Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina, not Missouri. *See GMAC Commercial Credit, LLC*, 357 F.3d at 829.

15. Accordingly, the requisite diversity of citizenship between the parties exists. *See* 28 U.S.C. § 1332(c).

**The Amount in Controversy Requirement is Satisfied.**

16.     In this action, Plaintiff asserts two separate causes of action under the MHRA. Specifically, Plaintiff seeks compensatory damages, punitive damages, and all costs, expenses, expert witness fees and attorneys' fees as a purported result of alleged discrimination based on age and alleged retaliation.  (*See generally* Petition, Ex. 1.)  As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue in this case, exclusive of interest and costs.[1]

17.     Lowe's need only show by a preponderance of evidence that Plaintiff's claims place more than $75,000 at issue.  *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1076 (W.D. Mo. 2014).

18.     The removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty; the amount must merely be plausible and not legally impossible.  *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).  The removing party need not confess liability in order to show that the jurisdictional amount has been met.  *Id.* at 888 (citation omitted).

19.     In the Eighth Circuit, where a plaintiff's petition fails to allege a specific amount in damages sought, the jurisdictional issue is not whether the pleaded damages are greater than the requisite amount, but "whether a fact finder *might* legally conclude that they are."  *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)); *see also Skoda v. Lilly USA, LLC,* 488 Fed. App'x 161, 162 (8th Cir. 2012).

---

[1] Lowe's relies on Plaintiff's allegations (and the calculations below) for purposes of establishing the propriety of removal only, subject to and without waiving its position that Plaintiff is not entitled to any damages whatsoever in this action and its general denial of the allegations in the Petition.

20.     In addition to the various categories of compensatory damages a plaintiff seeks, including damages for emotional distress, this Court may also consider attorneys' fees and punitive damages that may be awarded under the MHRA, *see* Mo. Rev. Stat. § 213.111(2), in establishing the $75,000 in controversy. *See, e.g.*, *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorneys' fees count toward the jurisdictional minimum for diversity jurisdiction).

21.     In this action, Plaintiff seeks damages for the alleged loss of past and future wages and benefits. (Petition, Ex. 1, ¶¶ 72, 83.)

22.     Plaintiff further seeks "past and future" emotional distress-type damages, such as mental anguish, embarrassment, degradation, humiliation, lost career opportunities, and other forms of emotional distress. (*Id.*)

23.     Plaintiff also seeks punitive damages from Lowe's. (*Id.*, ¶¶ 73, 84.)

24.     Additionally, in the WHEREFORE paragraph in each of the two counts, Plaintiff requests an award "in an amount that is fair and reasonable for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper." (*See generally* Petition, Ex. 1.)

25.     When Plaintiff's claimed compensatory damages, including lost wages, salary, and benefits, are combined with his claims for punitive damages and attorneys' fees, there is no question that the amount in controversy in this action exceeds $75,000. *See, e.g.*, *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008) (holding that a claim of lost wages by an employee earning $11.75 per hour combined with her claimed damages for emotional distress, punitive damages, and attorneys' fees "could easily lead to a

5

damage award greater than $75,000" even though the plaintiff filed an affidavit stating her damages were less than $75,000); *Walker v. Lanoga Corp.*, No. 06-0148CV-W-FJG, 2006 WL 1594451, at *1-2 (W.D. Mo. June 9, 2006) (determining that the defendant had demonstrated by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional minimum when the damages for lost wages, calculated at $37,000 per year, were combined with other alleged damages, including damages for emotional distress, humiliation, and punitive damages).

26. One of the bases of Plaintiff's claims is that Lowe's allegedly terminated his employment because of his age and/or in retaliation for purportedly engaging in protected activity. (*See generally* Petition, Ex. 1.) Plaintiff was paid at the annualized rate of $37,000.00, or $18.50 x 40 hours per week x 50 weeks, at the time his employment with Lowe's was terminated on or about July 29, 2020. (Ridley Decl., Ex. 2, ¶ 8.) Thus, Plaintiff's lost wages from July 2020 to present could amount to $55,500.00 ($18.50 x 40 hours per week x 75 weeks). And, assuming a trial eighteen months from today, his lost wages could total $113,220.00 ($18.50 x 40 hours per week x 153 weeks) at the time of trial.

27. Plaintiff also seeks damages for lost employment benefits. (Petition, Ex. 1, ¶¶ 72, 83.) During his employment, Plaintiff was eligible for standard company benefits, including health, vision, and dental insurance as well as a flexible health spending account, 401(k) plan, short term and long term disability insurance, and supplemental life insurance. (Ridley Decl., Ex. 2, ¶ 7.)

28. Here, if Plaintiff's claim for lost benefits is conservatively valued at 20% of his lost wages, his lost benefits from the end of his employment through the date of trial could amount to approximately $22,644.00.

6

29.     Plaintiff also claims that he is entitled to punitive damages on both counts of his Petition.  (Petition, Ex. 1, ¶¶ 73, 84.)  Although his Petition makes no effort to quantify these elements of his alleged damages, and again without conceding the point, Lowe's notes that Missouri juries certainly have awarded sums sufficient to put Plaintiff's total claims well over the $75,000 threshold on a punitive damage claim alone.  *See Brill v. Burton Creek Management Corp. D/B/A Burton Creek Medical Clinic*, JVR No. 801442, 2000 WL 1672187 (W.D. Mo. May 1, 2000) (entering judgment on jury verdict of $300,000 in punitive damages on a Title VII claim); *Miller v. Am. Family*, No. 1416-CV02573, 2016 WL 8315313, at *1 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $20,000,000 in punitive damages on her claims of sex and age discrimination under the MHRA); *Gentry v. Orkin LLC*, No. 1416-CV16259, 2016 WL 8315309, at *1 (Mo. Cir. Ct. Dec. 15, 2016) (awarding a plaintiff $10,000,000 in punitive damages on a MHRA claim); *McClurg v. Mo. Highway and Transp. Comm'n*, No. 13BUCV03069, 2014 WL 8843699, at *1 (Mo. Cir. Ct. Dec. 12, 2014) (awarding a plaintiff $500,000 in punitive damages on a claim of sex discrimination under the MHRA); *McGhee v. Schreiber Foods*, *Inc.*, No. 10HE-CC00079, 2015 WL 1887835, at *1 (Mo. Cir. Ct. Feb. 16, 2015) (awarding a plaintiff $350,000 in punitive damages on a claim of age discrimination under the MHRA).[2]  Indeed, the Eighth Circuit has approved a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases.  *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009) (citing *Pac. Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 23–24 (1991)).

30.     Here, Plaintiff has alleged that he has been discriminated against, retaliated against,

---

[2] These cases are cited only for the proposition that an award of punitive damages, to which Lowe's contends Plaintiff is not entitled, can exceed the $75,000 threshold.  The Missouri Human Rights Act was amended in 2017 to institute a cap on damages, including punitive damages, to no more than $500,000 (plus actual back pay) for an employer of Lowe's size.  *See* Mo. Rev. Stat. § 213.111.  This cap applies to Plaintiff's allegations.

and ultimately terminated as a result of conduct that "was outrageous, reflected an evil motive and/or was in conscious disregard for Plaintiff's rights[.]" (Petition for Damages, Ex. 1, ¶¶ 73, 84.) These facts—if proven, of course—could possibly support a punitive damage award.

31.     Plaintiff also seeks emotional distress damages and attorneys' fees that are appropriate to include in the amount in controversy calculation. *Hudson v. United Sys. of Ark.,* 709 F.3d 700, 705 (8th Cir. 2013) (affirming an award of $100,000 in emotional distress damages); *Rowe v. Hussman Corp.*, 381 F.3d 775, 777 (8th Cir. 2004) (affirming an award of $500,000 in emotional distress damages); *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008) (including emotional distress damages and attorneys' fees in calculating the jurisdictional minimum).

32.     Further illustrating that Plaintiff's claimed damages will exceed $75,000, the undersigned can attest that Plaintiff will seek substantial damages greater than $75,000 based on his over 20 years of experience in handling claims of discrimination brought against employers. (Declaration of Thomas P. Berra, Jr., attached hereto as Exhibit 3.)

33.     Therefore, even if Plaintiff's actual damages do not exceed $75,000, it is clear that the finder of fact could potentially award well in excess of the $75,000 threshold.

34.     When Plaintiff's claimed compensatory damages are combined with his claims for punitive damages and attorneys' fees, there is no question the amount in controversy in this action exceeds $75,000.  Removal is appropriate in this case.

## CONCLUSION

35.     Plaintiff is a citizen of Missouri, and Defendant is a citizen of North Carolina. Plaintiff seeks to recover lost wages and benefits, non-economic damages (such as lost career opportunities, pain and suffering, mental anguish, embarrassment, and emotional distress),

punitive damages, and attorneys' fees that exceed the jurisdictional minimum of $75,000. Removal to this Court is therefore proper under diversity jurisdiction, 28 U.S.C. §§ 1441(b) and 1332(a).

WHEREFORE, Defendant Lowe's removes this case to the United States District Court for the Western District of Missouri, respectfully requests that no further proceedings be had in the Circuit Court of Buchanan County, Missouri, and prays for such other and further relief as the Court deems just and proper.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **LEWIS RICE LLC** |
| DATED: January 4, 2022 | By: | /s/ Thomas P. Berra, Jr. |
|  |  | Thomas P. Berra, Jr. #43399MO |
|  |  | Sarah E. Mullen #61058MO |
|  |  | Lindsey M. Bruno #73055MO |
|  |  | 600 Washington Avenue, Suite 2500 |
|  |  | St. Louis, Missouri 63101 |
|  |  | Telephone: (314) 444-1352 |
|  |  | Facsimile: (314) 612-1352 |
|  |  | tberra@lewisrice.com |
|  |  | smullen@lewisrice.com |
|  |  | lbruno@lewisrice.com |
|  |  | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of Court and served via electronic mail and the Court's electronic filing system on this 4th day of January, 2022 to:

Eric S. Playter
Chris R. Playter
PLAYTER & PLAYTER, LLC
7608 Raytown Road
Raytown, MO 64138
Phone: (816) 666-8904
Facsimile: (816) 666-8903
eric@playter.com
chris@playter.com

*Attorneys for Plaintiff*

/s/ Thomas P. Berra, Jr.

10